18-1918-cv
Tianjin Port Free Trade Zone Int'l Trade Serv. Co. v. Tiancheng Chempharm, Inc. USA

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of June, two thousand nineteen.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
BRIAN M. COGAN,*
*District Judge.*

-----------------------------------------------------------------

TIANJIN PORT FREE TRADE ZONE
INTERNATIONAL TRADE
SERVICE CO., LTD.,

*Petitioner-Appellee*,

v.                                                    No. 18-1918-cv

---

* Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

TIANCHENG CHEMPHARM, INC. USA,

*Respondent-Appellant.*

-----------------------------------------------------------------

FOR APPELLANT:                          HUI CHEN, Hui Chen & Associates, PLLC, Flushing, NY.

FOR APPELLEE:                           ERIC B. PORTER, White and Williams LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Tiancheng Chempharm, Inc. USA ("Tiancheng") appeals from a judgment of the District Court (Seybert, J.), granting the motion of Tianjin Port Free Trade Zone International Trade Service Co., Ltd. ("Tianjin") to confirm a Chinese arbitral award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 et seq. (the New York Convention), and denying Tiancheng's motion to dismiss Tianjin's petition.   The arbitration arose from a contract dispute between Tianjin, a Chinese company that sells dietary supplements, and Tiancheng, a New York-based company that provides dietary

2

supplements to manufacturers, factories, and distributors. Under the contract, Tiancheng agreed to purchase supplements from Tianjin for $480,000. Tianjin delivered the goods, but Tiancheng never paid. Tianjin initiated arbitration before the China International Economic and Trade Arbitration Commission (CIETAC) in March 2015 in China. Tiancheng did not appear at the proceedings, and CIETAC awarded Tianjin the price of the goods, along with interest and arbitration fees. Tianjin then petitioned to confirm CIETAC's award in federal district court in New York. The District Court confirmed the award pursuant to the New York Convention, finding that Tiancheng's arguments should properly have been made not to it but to the arbitrator, and that Tiancheng had failed to show that CIETAC's efforts to notify Tiancheng did not meet American standards of due process. On appeal, Tiancheng argues that it was not given notice of the arbitration and that the underlying contract is a forgery.[1] We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

---

[1] In the District Court, Tiancheng also argued that Tianjin had not tried to resolve the dispute amicably prior to initiating arbitration, as required by the contract. Because Tiancheng mentions that argument in its appellate brief in just one sentence in its Statement of Facts, we deem the argument abandoned. See Zhang v. Gonzales, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

The District Court did not err in holding that Tiancheng had adequate notice of the arbitration. Lack of notice is a valid defense under New York Convention Article V(1)(b). We have recognized that the defense provided for in that subsection of the Convention "essentially sanctions the application of the forum state's standards of due process." Iran Aircraft Indus. v. Avco Corp., 980 F.2d 141, 145 (2d Cir. 1992) (quotation marks omitted). Under American standards of due process, a party is entitled only to "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Jones v. Flowers, 547 U.S. 220, 226 (2006) (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)). Here, CIETAC initially sent notice and arbitration materials to a Farmingdale, New York address for Tiancheng that was listed on the contract and used by Tiancheng itself in this litigation. When some of the materials were returned, CIETAC sent the materials to two other addresses—a Great Neck, New York, address that Tiancheng has on file with the New York Department of State as the address to which New York will mail process, and a Bayside, New York, address. The documents sent to the latter two addresses were not returned, and CIETAC determined that the documents were duly served

4

on Tiancheng.  Tiancheng nevertheless contends that it never received notice of the arbitration and submits a declaration to that effect.  But notice mailed directly to an entity is sufficient to afford it due process, and we agree with the District Court that Tiancheng's declaration does not satisfy the "heavy" burden imposed on a party asserting a defense under the New York Convention.  Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc., 403 F.3d 85, 90 (2d Cir. 2005).

The District Court also correctly held that Tiancheng forfeited the argument that the contract is fraudulent by not raising it as a defense in the arbitration itself. See Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 315–16 (2d Cir. 1998).

We have considered Tiancheng's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5